Minute Order Form (12/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4295 | **DATE** | 10/5/2004 |
| **CASE TITLE** | EEOC vs. Central Steel & Wire | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's motion for rule to show cause why a subpoena should not be enforced is granted and defendant's motion to strike is denied. Rule to show cause hearing set for 11/15/04 at 9:00 a.m. A representative of the defendant is ordered to appear before this Court on 11/15/04 at 9:00 a.m. to show cause why a subpoena should not be enforced. Furthermore, any representative of defendant specifically identified in the subpoena and ordered in the subpoena to submit the requested information are also ordered to appear on 11/15/04 at 9:00 a.m. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 06 2004 date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 2004 OCT -6 AM 8:16 | date mailed notice | |
| MW6 courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EQUAL EMPLOYMENT           )
OPPORTUNITY COMMISSION,    )
                           )
　　　　　Plaintiff,        )
                           )
　　v.                     )
                           )
                           )
CENTRAL STEEL & WIRE CO.,  )   No. 04 C 4295
                           )
　　　　　Respondent.       )

**DOCKETED**
**OCT 0 6 2004**

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion for an order to show cause why a subpoena should not be enforced and on Defendant's motion to strike. For the reasons stated below, we grant the motion for an order to show cause why a subpoena should not be enforced and deny Defendant's motion to strike.

## BACKGROUND

Plaintiff received a complaint of employment discrimination from Willie Robertson ("Robertson"), one of Defendant's employees at its Chicago facility. Two charges of discrimination were filed against Defendant. Plaintiff began investigating

1

the charges and, when Defendant refused to respond to some of Plaintiff's requests for information, Plaintiff issued a subpoena seeking information from Defendant regarding its workforce at its Chicago facility. Defendant filed a petition with Plaintiff to revoke or modify the subpoena. The petition was denied on April 21, 2004 by Plaintiff. Plaintiff subsequently brought the instant action seeking compliance with the subpoena.

## LEGAL STANDARD

Generally a court should "enforce an administrative subpoena if it seeks reasonably relevant information, is not too indefinite, and relates to an investigation within the agency's authority." *E.E.O.C. v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995). The court should decline to enforce the subpoena if the court determines that: 1) the subpoena was issued for an unlawful purpose, 2) the compliance would be unduly burdensome on the defendant, or 3) the compliance would "threaten the normal operation of a [defendant's] business." *Id.* (quoting in part *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir.1981)).

## DISCUSSION

According to Defendant, Robertson has always worked in warehouse positions and has never alleged that he was denied any non-warehouse positions. Defendant contends that Plaintiff improperly seeks in the subpoena information

2

regarding non-warehouse positions. Plaintiff contends that Defendant refuses to provide information concerning employees other than employees that worked in the warehouse with Robertson and that the other sought information is relevant to the charges against Defendant.

The charges filed by Plaintiff specifically allege discrimination against African-American workers that encompasses both an allegation of company wide discrimination against African-Americans and discrimination against African-Americans at Defendant's Chicago facility. (8/7/00 Charge, 4/15/02 Charge). Thus, Plaintiff is seeking information that may be relevant to its filed charge. *See E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 652 (7th Cir. 2002)(stating that the "EEOC's investigative authority is not plenary; the EEOC 'is entitled to access only to evidence relevant to the charge under investigation.'")(quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 64 (1984)). Plaintiff's burden in showing that the requested information may be relevant is not onerous. *See id.* (stating that "[t]he EEOC's burden is not particularly onerous" and that "[c]ourts traditionally have allowed the EEOC access to information 'that might cast light on the allegations against the employer.'"). Plaintiff has also limited the information sought to information regarding employees at the Chicago facility. Although Defendant would like to minimize the scope of discovery and the claim against it by separating warehouse positions from non-warehouse positions, the scope of relevancy is broad and information concerning non-warehouse positions may be relevant in this action.

3

Plaintiff has also limited the reach of its subpoena to information concerning Defendant's Chicago facility which makes the request less burdensome on Defendant. Defendant makes only a relevancy objection to the subpoena and does not argue that compliance would be overly burdensome or would affect its daily operations. Regardless, we do not find that Defendant's compliance with the request in the subpoena would be overly burdensome on Defendant. Neither does Defendant contend that Plaintiff filed the subpoena for an unlawful purpose or that the subpoena is too indefinite.

We also note that Plaintiff contends that during an investigation it has discovered additional "information indicating a shortfall of African-Americans throughout Respondent's Chicago facility." (Reply. Mot. Just. 2). Plaintiff has submitted along with its reply to the motion for order to show cause an affidavit from Regina Husar, an Enforcement Supervisor with Plaintiff. Husar indicates in the affidavit that Plaintiff reviewed the percentages of African-American employees with Defendant and found that there was a shortfall. Defendant has moved to strike the affidavit because it was raised in Plaintiff's reply brief and because the sworn statements lack foundation. Defendant's objection concerning the presentation of the affidavit in Plaintiff's reply is moot as Defendant has been given the opportunity to file a motion to strike and to fully brief the issue. In regards to the evidentiary objection, Plaintiff correctly points out that Defendant inappropriately seeks to apply the standard employed for summary judgment motions. The sworn statements made

4

by Husar are accepted for what they are, sworn statements by Husar. We need not rule on their admissibility or whether they lack a foundation. Plaintiff has alleged in good faith that Plaintiff has in its investigation discovered information concerning possible discrimination broader in scope than the warehouse that Robertson worked in and Plaintiff has submitted affidavits to support its positions in this action. Also, although the Husar affidavit was presented along with Plaintiff's reply, Plaintiff's position regarding the discovery of African-American shortfalls was stated in Plaintiff's memorandum in support of its application for order to show cause why a subpoena should not be enforced. (Mem. Appl. 3). This is another reason to justify forcing Defendant to comply with the subpoena requests. Therefore, we grant Plaintiff's motion for an order to show cause why a subpoena should not be enforced and deny Defendant's motion to strike.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiff's motion for an order to show cause why a subpoena should not be enforced and deny Defendant's motion to strike. A representative of Defendant is ordered to appear before this court on November 15, 2004, at 9:00 a.m. to show cause why a subpoena should not be enforced. Also, any representatives of Defendant specifically identified in the subpoena and ordered in the subpoena to submit the requested information are also

ordered to appear on November 15, 2004, at 9:00 a.m. to show cause why a subpoena should not be enforced.

                                                                               _____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 5, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL STEEL & WIRE CO.,<br><br>Respondent. | No. 04 C 4295 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion for an order to show cause why a subpoena should not be enforced and on Defendant's motion to strike. For the reasons stated below, we grant the motion for an order to show cause why a subpoena should not be enforced and deny Defendant's motion to strike.

## BACKGROUND

Plaintiff received a complaint of employment discrimination from Willie Robertson ("Robertson"), one of Defendant's employees at its Chicago facility. Two charges of discrimination were filed against Defendant. Plaintiff began investigating

the charges and, when Defendant refused to respond to some of Plaintiff's requests for information, Plaintiff issued a subpoena seeking information from Defendant regarding its workforce at its Chicago facility. Defendant filed a petition with Plaintiff to revoke or modify the subpoena. The petition was denied on April 21, 2004 by Plaintiff. Plaintiff subsequently brought the instant action seeking compliance with the subpoena.

## LEGAL STANDARD

Generally a court should "enforce an administrative subpoena if it seeks reasonably relevant information, is not too indefinite, and relates to an investigation within the agency's authority." *E.E.O.C. v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995). The court should decline to enforce the subpoena if the court determines that: 1) the subpoena was issued for an unlawful purpose, 2) the compliance would be unduly burdensome on the defendant, or 3) the compliance would "threaten the normal operation of a [defendant's] business." *Id.* (quoting in part *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir.1981)).

## DISCUSSION

According to Defendant, Robertson has always worked in warehouse positions and has never alleged that he was denied any non-warehouse positions. Defendant contends that Plaintiff improperly seeks in the subpoena information

2

regarding non-warehouse positions. Plaintiff contends that Defendant refuses to provide information concerning employees other than employees that worked in the warehouse with Robertson and that the other sought information is relevant to the charges against Defendant.

The charges filed by Plaintiff specifically allege discrimination against African-American workers that encompasses both an allegation of company wide discrimination against African-Americans and discrimination against African-Americans at Defendant's Chicago facility. (8/7/00 Charge, 4/15/02 Charge). Thus, Plaintiff is seeking information that may be relevant to its filed charge. *See E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 652 (7th Cir. 2002)(stating that the "EEOC's investigative authority is not plenary; the EEOC 'is entitled to access only to evidence relevant to the charge under investigation.'")(quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 64 (1984)). Plaintiff's burden in showing that the requested information may be relevant is not onerous. *See id.* (stating that "[t]he EEOC's burden is not particularly onerous" and that "[c]ourts traditionally have allowed the EEOC access to information 'that might cast light on the allegations against the employer.'"). Plaintiff has also limited the information sought to information regarding employees at the Chicago facility. Although Defendant would like to minimize the scope of discovery and the claim against it by separating warehouse positions from non-warehouse positions, the scope of relevancy is broad and information concerning non-warehouse positions may be relevant in this action.

3

Plaintiff has also limited the reach of its subpoena to information concerning Defendant's Chicago facility which makes the request less burdensome on Defendant. Defendant makes only a relevancy objection to the subpoena and does not argue that compliance would be overly burdensome or would affect its daily operations. Regardless, we do not find that Defendant's compliance with the request in the subpoena would be overly burdensome on Defendant. Neither does Defendant contend that Plaintiff filed the subpoena for an unlawful purpose or that the subpoena is too indefinite.

We also note that Plaintiff contends that during an investigation it has discovered additional "information indicating a shortfall of African-Americans throughout Respondent's Chicago facility." (Reply. Mot. Just. 2). Plaintiff has submitted along with its reply to the motion for order to show cause an affidavit from Regina Husar, an Enforcement Supervisor with Plaintiff. Husar indicates in the affidavit that Plaintiff reviewed the percentages of African-American employees with Defendant and found that there was a shortfall. Defendant has moved to strike the affidavit because it was raised in Plaintiff's reply brief and because the sworn statements lack foundation. Defendant's objection concerning the presentation of the affidavit in Plaintiff's reply is moot as Defendant has been given the opportunity to file a motion to strike and to fully brief the issue. In regards to the evidentiary objection, Plaintiff correctly points out that Defendant inappropriately seeks to apply the standard employed for summary judgment motions. The sworn statements made

by Husar are accepted for what they are, sworn statements by Husar. We need not rule on their admissibility or whether they lack a foundation. Plaintiff has alleged in good faith that Plaintiff has in its investigation discovered information concerning possible discrimination broader in scope than the warehouse that Robertson worked in and Plaintiff has submitted affidavits to support its positions in this action. Also, although the Husar affidavit was presented along with Plaintiff's reply, Plaintiff's position regarding the discovery of African-American shortfalls was stated in Plaintiff's memorandum in support of its application for order to show cause why a subpoena should not be enforced. (Mem. Appl. 3). This is another reason to justify forcing Defendant to comply with the subpoena requests. Therefore, we grant Plaintiff's motion for an order to show cause why a subpoena should not be enforced and deny Defendant's motion to strike.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiff's motion for an order to show cause why a subpoena should not be enforced and deny Defendant's motion to strike. A representative of Defendant is ordered to appear before this court on November 15, 2004, at 9:00 a.m. to show cause why a subpoena should not be enforced. Also, any representatives of Defendant specifically identified in the subpoena and ordered in the subpoena to submit the requested information are also

ordered to appear on November 15, 2004, at 9:00 a.m. to show cause why a subpoena should not be enforced.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 5, 2004